<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. OLGA VEGA and HECTOR VEGA, *Defendants*. | Civil No.: 21-cv-303 (KSH) (CLW) <br><br> **OPINION** |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.      Introduction**

The United States government initiated this civil action to collect penalties assessed against defendants Olga and Hector Vega under 31 U.S.C. § 5321(a) for their failure to report their interest in a foreign bank account. Defendants did not answer the complaint or otherwise respond in this matter, and the government moved for entry of default judgment. For the reasons that follow, the government's motion is granted.

**II.     Background**

The facts are gleaned from the complaint. (D.E. 1.) Defendants are United States citizens who held a financial interest in a joint foreign bank account in Costa Rica at Banco Nacional de Costa Rica from 2012 through 2016. (*Id.* ¶¶ 9-11.) During that time, the aggregate balance in the account exceeded $10,000. (*Id.* ¶ 12.) Defendants were required by law to file a reporting document, known as an "FBAR," disclosing their financial interest in that bank account for calendar years 2012 through 2016, but they failed to timely do so. (*Id.* ¶¶ 13-14.)

On April 9, 2019, a delegate of the Secretary of the Treasury assessed civil penalties against defendants pursuant to 31 U.S.C. § 5321(a)(5) totaling $25,000 each, representing $5,000

1

for each year in which they non-willfully failed to timely file FBARs. (*Id.* ¶¶ 15, 19.) Despite notice and demand, defendants failed to fully pay their assessed penalties. (*Id.* ¶¶ 16, 20.)

On January 7, 2021, the government filed the complaint in the instant action to collect the penalties assessed against defendants under 31 U.S.C. § 5321(a)(5). (*See generally* D.E. 1.) Although defendants were personally served with the summons and complaint on January 21, 2021, they failed to answer or otherwise respond to the complaint. (*See* D.E. 3-5.) Accordingly, the Clerk of Court entered default against them on February 18, 2021.

The government now moves (D.E. 6) for entry of default judgment, and seeks awards against Olga and Hector Vega in the amounts of $27,847.03 and $27,658.33, respectively, plus accrued pre-judgment interest and accrued late-payment penalties from March 26, 2021 to the date of judgment.[1] (Decl. of Debt, D.E. 6-2.) The government submits that post-judgment interest and post-judgment late-payment penalties shall accrue until the judgment is paid in full pursuant to 28 U.S.C. § 1961(a), 31 U.S.C. § 3717(e)(2), and 31 C.F.R. §§ 5.5(a) and 901.9. (Proposed Order, D.E. 6-3.)

**III.   Discussion**

    **A.  Legal Standard**

Fed. R. Civ. P. 55(b)(2) permits the entry of a default judgment against a defendant who has failed to plead or otherwise defend itself in an action. "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). But "that discretion is not without limits," and it is preferred that "cases be disposed of on the merits whenever practicable." *Id.* Thus, before entering default judgment, the Court must

---

[1] Defendants did not oppose or otherwise respond to the government's motion.

2

determine whether the "unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (quoting *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (Rodriguez, J.)).

"Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Radius Bank v. Revilla & Co.*, 2021 WL 794558, at *4 (D.N.J. Mar. 2, 2021) (Shipp, J.) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (Rodriguez, J.)

### B. Three-Factor Analysis

Before imposing the "extreme sanction" of default judgment, the Court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). In evaluating the factors, all doubt must be resolved "in favor of proceeding on the merits." *Id.* (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)).

#### i. Factor One: Existence of a Meritorious Defense

Evaluation of the first factor "is made difficult by the defendant's failure to answer or to oppose the motion for default judgment." *United States v. Shemesh*, 2021 WL 3706735, at *2 (D.N.J. Aug. 19, 2021) (McNulty, J.) However, upon the Court's independent review of the

record, it does not appear that defendants have a meritorious defense. *See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) (default judgment was warranted where "[n]othing in the current record indicate[d] any possible defenses").

The Bank Secrecy Act, 31 U.S.C. § 5314 and the regulations promulgated under it require citizens of the United States who have an interest in a foreign bank account to report certain information about that account to the Internal Revenue Service on a yearly basis. *See* 31 C.F.R. § 103.24. The reporting requirements apply to each foreign account with a balance exceeding $10,000 during the calendar year. *See* 31 C.F.R. § 103.27(c). Covered individuals meet their reporting requirements by filing a form commonly known as an "FBAR" with the Internal Revenue Service by June 30 for each applicable account maintained during the previous calendar year. *See id.* Individuals who fail to comply with the reporting requirements are subject to civil penalties, and the maximum penalty for a non-willful violation is $10,000. *See* 31 U.S.C. § 5321(a)(5).

Here, the complaint alleges that, for the years 2012 through 2016, defendants were subject to the reporting requirements of 31 U.S.C. § 5314 because: (i) they were United States citizens; (ii) they held an interest in a foreign bank account; and (iii) the balance of that account exceeded $10,000 in each relevant year. (Compl. ¶¶ 9-12.) The complaint also alleges that defendants failed to comply with the reporting requirements of 31 U.S.C. § 5314 by not timely filing FBARs for those years. (*Id.* ¶¶ 13-14.) Furthermore, a penalty of $5,000 per violative year was assessed against each of the defendants—an amount within the penalty range for a non-willful violation. (*Id.* ¶¶ 15, 19.) Those penalties remain outstanding. (*Id.* ¶¶ 16-18, 20-22.) Accordingly, the Court finds that the first factor weights in favor of entering default judgment.

### ii.     Factors Two and Three: Prejudice to the Government and Culpability of Defendants

The second and third factors similarly weigh in favor of entering default judgment. Turning first to the government's prejudice, defendants' failure to answer has effectively prevented the government "from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.)  Indeed, the government "will suffer prejudice if the Court does not enter default judgment, as [it] has no other means of seeking damages for the harm caused by [defendants]." *Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp., Multifamily Mortg. Pass-Through Certificates, Series 2019-SB6 v. Tauber*, 2021 WL 4739569, at *5 (D.N.J. Oct. 12, 2021) (McNulty, J.) (quoting *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (Linares, J.)).

Furthermore, "[a]bsent any evidence to the contrary," defendants' failure to answer "evinces [their] culpability in [the] default." *Great Am. Ins. Co. v. Fast Time Constr., LLC*, 2021 WL 4306829, at *3 (D.N.J. Sept. 21, 2021) (McNulty, J.) (internal citations and quotations omitted).  Here, there is "nothing before the Court to suggest that anything other than [defendants'] willful negligence caused [their] failure to file an answer," and they are therefore culpable. *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, Mag. J.)

Accordingly, all three factors support the entry of default judgment.

### C.  Remedy

Having determined that entry of default judgment is appropriate, the Court next assesses the penalties sought by the government.  The government seeks penalties against Olga Vega in

the amount of $27,847.03, inclusive of the assessed FBAR penalties ($25,000), late-payment penalty ($2,355.93), and pre-judgment interest ($491.10). (Decl. of Debt ¶ 4.) The government seeks penalties against Hector Vega in the amount of $27,658.33, inclusive of the assessed FBAR penalties ($25,000), late-payment penalty ($2,167.23), and pre-judgment interest ($491.10). (*Id.* ¶ 5.) Because interest and penalties are expressly permitted by 31 U.S.C. § 3717, the Court will enter judgment in favor of the government for the requested amounts.

Additionally, the Court will order accrued pre-judgment interest on the FBAR penalty assessments and accrued late-payment penalties as provided by 31 U.S.C. §§ 3717(a)(1) and (e)(2) after March 26, 2021 to the date of entry of this judgment, as requested by the government. (Proposed Order ¶¶ 2-3.) Until the judgment is paid in full, post-judgment interest on the FBAR penalty assessments and post-judgment late-payment penalties shall continue to accrue pursuant to 28 U.S.C. § 1961(a), 31 U.S.C. § 3717(e)(2), and 31 C.F.R. §§ 5.5(a) and 901.9.

**IV.   Conclusion**

For the foregoing reasons, the government's motion for default judgment is granted. An appropriate order will issue.

Date: October 29, 2021

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.